## REDMOND SCHOOL DISTRICT 2J,
*Petitioner,*
*v.*
## REDMOND EDUCATION ASSOCIATION, et al,
*Respondents,*
(ERB No. C-5-78, CA 12817)

600 P2d 943

William B. Wyllie, Salem, argued the cause and filed the brief for petitioner.

Henry H. Drummonds, Eugene, argued the cause for respondent Redmond Education Association. With him on the brief were Kulongoski, Heid, Durham & Drummonds, Eugene.

James A. Redden, Attorney General, and Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Relations Board.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

**THORNTON, J.**

This is an appeal by Redmond School District 2J from an order of the Employment Relations Board (ERB) concluding that the District had agreed to the terms of a particular strike settlement agreement with the Redmond Education Association (Association), and directing the District to sign a collective bargaining agreement with the Association.[1]

The controversy centers around whether the agreement must contain three provisions from the previous agreement between the parties. The disputed provisions are entitled "I Extent of Agreement," "II Open Communication" and "III Recognition of the Responsibility of the Board of Education." The main contention involves Article III, the so called management rights clause.

The essential facts are:

The District and the Association were parties to a collective bargaining contract for the 1976-77 school year. In December, 1976, negotiations commenced for a successor agreement. In January, 1977, the Association submitted to the District a set of proposals comprising a complete contract for the 1977-78 school year. The Association draft did not, however, include the three provisions referred to above. When asked about this by the District, the Association replied that it did not wish these clauses to be included in the successor contract, and that if the District wanted these three provisions in the contract, the District itself should propose them. In February, 1977, the District submitted its proposed contract to the Association, which included these three provisions.

From this point on, these provisions apparently dropped out of the negotiations. Neither party raised them in mediation and factfinding.

---

[1] The District does not raise any issue concerning whether ERB has legal authority to order the District to sign a particular collective bargaining agreement. *See Wasco County v. AFSCME,* 30 Or App 863, 569 P2d 15 (1977).

When the parties thereafter failed to agree to a new contract, the Association gave notice of intent to strike. The District sought and obtained a declaration that the strike was illegal. Thereafter, on November 12, 1977, the parties reached agreement but before it was signed the parties disagreed over certain language in the contract regarding "column heads" in the pay scale. The Association then filed a second strike notice and went out on strike.

On November 28, 1977, the parties reached an agreement in settlement. The Strike Settlement Agreement provided:

"The parties mutually agree that the following conditions shall apply to the collective bargaining agreement between the parties for the 1977-78 school year. The provisions of this supplemental agreement are entered into specifically for the purpose of resolving the issues arising out of strike activities.
" * * * * *

"The parties agree to be bound by all tentative agreements heretofore reached in negotiations and mediation, including those agreements tentatively signed on November 28, 1977, *to the extent they modify prior agreements.*
" * * * * *." (Emphasis supplied.)

The District argues that the emphasized language shows that the terms of the prior bargaining agreement continue unless and until the parties agree otherwise or they bargain to an impasse on such items.

While the above statement may be true as an abstract proposition, here ERB found that the District agreed to a strike settlement agreement that did not contain the three provisions now insisted upon by the District; that all three had been dropped from the negotiations and had not been discussed for more than nine months. There is substantial evidence to support ERB's finding on this issue. Under the provision of ORS 183.482(8), this ends the matter.

Affirmed.